J-S33028-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RASSAHN ALAN WRIGHT | : | |
| | : | |
| Appellant | : | No. 1377 EDA 2022 |

Appeal from the Judgment of Sentence Entered April 1, 2022,
in the Court of Common Pleas of Chester County,
Criminal Division at No(s):  CP-15-CR-0003542-2020.

BEFORE:  KUNSELMAN, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED DECEMBER 19, 2022**

Rassahn Alan Wright appeals from the judgment of sentence imposed after he pled guilty to simple assault.[1]  Additionally, Wright's counsel filed a petition to withdraw representation and an accompanying brief pursuant to **_Anders v. California_**, 386 U.S. 738 (1967).  Upon review, we grant counsel's petition and affirm the judgment of sentence.

The trial court summarized the facts and procedural history as follows:

On September 21, 2020, at approximately 1:59 p.m., a patrolman employed by the Phoenixville Borough in Chester County responded to a report of a motor vehicle accident near the Sunoco gas station on Nutt Road.  The female driver of the striking vehicle

---

[1] 75 Pa.C.S.A. § 3802(d)(1)(i).

showed obvious signs of being under the influence of a controlled substance and was placed under arrest. [Wright] was found asleep in the front passenger seat of the striking vehicle. After being awoken, the patrolman attempted to initiate his investigation and observed [Wright] attempting to conceal a small bag of suspected marijuana. He also displayed signs of being under the influence of a controlled substance and was detained in handcuffs pending further investigation. [Wright] subsequently became physically and verbally aggressive and kicked an EMT, who had responded to the scene, three times. [Wright] was placed under arrest for Public Drunkenness. A search incident to arrest found [Wright] in possession of a Crown Royal bag containing three clear bags of suspected marijuana. As a result of both the driver and passenger of the striking car being placed under arrest, the vehicle was processed for towing. In searching the vehicle's trunk, officers located men's clothing, [Wright's] fishing license, his employee identification card, and a second [Crown Royal] bag that contained two additional clear bags of suspected marijuana.

Trial Court Opinion, 7/11/22, at 1-2. Wright was arrested and charged with one count of aggravated assault, two counts of possession of a controlled substance, two counts of possession of drug paraphernalia, one count of simple assault, and one count of harassment.[2]

On November 5, 2021, Wright pled guilty to simple assault; all other charges were withdrawn. At the sentencing hearing, the victim and Wright testified. The court also received a statement from Wright's partner and mother of their special needs child. Additionally, the Commonwealth played some of the video from an officer's body camera that night. Wright requested that another, earlier portion of it be played, but the court did not allow it. The

---

[2] 18 Pa.C.S.A. § 2702(a)(3), 35 P.S. §§ 790-113-A-16 and A-32, 18 Pa.C.S.A. §§ 2701(a)1) and 2709(a)(1).

trial court sentenced Wright to 8 to 23 months' incarceration. Wright filed a post-sentence motion seeking modification of his sentence, which the court denied.

Wright filed this timely appeal. Counsel filed a petition to withdraw from representation and an **Anders** brief with this Court. Wright did not retain independent counsel or file a *pro se* response to the **Anders** brief.

Before we may consider the issues raised in the **Anders** brief, we must first consider counsel's petition to withdraw from representation. *See* ***Commonwealth v. Garang***, 9 A.3d 237, 240 (Pa. Super. 2010) (holding that, when presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw). Pursuant to **Anders**, when counsel believes an appeal is frivolous and wishes to withdraw from representation, counsel must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points [counsel] deems worthy of this Court's attention.

***Commonwealth v. Edwards***, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted). In ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), our Supreme Court addressed the second requirement of **Anders**, *i.e.*, the contents of an **Anders** brief, and required that the brief:

- 3 -

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Once counsel has satisfied the *Anders* requirements, it is then this Court's responsibility "to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018).

Here, counsel has complied with each of the requirements of *Anders*. Counsel indicated that he reviewed the record and concluded that Wright's appeal is frivolous. Further, the *Anders* brief substantially comports with the requirements set forth by our Supreme Court in *Santiago*. Finally, the record included a copy of the letter that counsel sent to Wright stating counsel's intention to seek permission to withdraw and advising Wright of his right to proceed *pro se* or retain new counsel and file additional claims. Accordingly, as counsel has complied with the procedural requirements for withdrawing from representation, we will conduct an independent review to determine whether Wright appeal is wholly frivolous.

In the ***Anders*** brief, counsel asserts that the only issue Wright could potentially raise is a challenge to the discretionary aspects of his sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010). This Court has explained that, to reach the merits of a discretionary sentencing issue, we must conduct a four-part analysis to determine:

> (1) whether the appeal is timely; (2) whether [a]ppellant preserved his issue; (3) whether [a]pellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [in accordance with 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. . . . [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

***Commonwealth v. Colon***, 102 A.3d 1033, 1042–43 (Pa. Super. 2014) (quoting ***Commonwealth v. Austin***, 66 A.3d 798, 808 (Pa. Super. 2013)).

Wright has satisfied the first three requirements under ***Colon***. Accordingly, we must determine whether he has raised a substantial question.

In the 2119(f) statement, counsel asserts that the only substantial question that could be raised is that the trial court's sentence was excessive and failed to consider mitigating factors. ***Anders*** Brief at 14. We have held that an argument that a sentence was excessive in conjunction with the assertion that the trial court failed to consider mitigating factors raises a substantial question. ***Commonwealth v. Caldwell***, 117 A.3d 763, 769-70

- 5 -

(Pa. Super. 2015) (*en banc*).  Therefore, we will review Wright's sentencing claim.

> Our standard of review of a sentencing claim is as follows:
>
> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Shugars***, 895 A.2d 1270, 1275 (Pa. Super. 2006).

Additionally, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code.  ***Commonwealth v. Hill***, 210 A.3d 1104, 1117 (Pa. Super. 2019) (internal quotations and citation omitted).  As such, we must affirm unless "application of the guidelines would be clearly unreasonable."  42 Pa.C.S.A. § 9781(c)(2).

Wright claims that the trial court abused its discretion and imposed an excessive sentence by failing to consider relevant mitigating factors.  In particular, he argues that the court did not consider his:  lack of a violent record, employment at two jobs, special needs child, injured leg requiring rehabilitation, and efforts to turn his life around.  Wright further argues that the trial court should have viewed the entire video from the officer's body camera which would have provided additional mitigating evidence.  ***Anders***

Brief at 16. Considering these factors, Wright maintains that the trial court should have imposed a sentence in the mitigated range.

In sentencing Wright, we first note that the trial court had a pre-sentence investigation report and reviewed it. N.T., 4/1/22, at 22. "[W]here the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009) (citation omitted).

Additionally, the trial court was informed that, based upon a prior record score of 5 and an offense gravity score of 3, the sentencing guidelines recommended a standard range, minimum sentence of 6 to 12 months' incarceration. *Id.* at 2, 22. The court imposed a minimum sentence near the lower end of this range. As such, we presume Wright's sentence was appropriate.

Notwithstanding this, our review of the record shows that the trial court considered multiple factors when it sentenced Wright, including mitigating ones. At the hearing, Wright told the court about his business with his father and his clothing line. He asked the court for leniency because of his daughter's special needs. Wright's partner and mother of their daughter gave a written statement to the court about how Wright provided and cared for their child.

However, the court also heard from the EMS worker who was trying to help Wright when Wright attacked him. The worker explained how the attack

impacted him and the ongoing concern he had for his safety at work since then. This resonated with the court.

The court acknowledged that Wright had not previously committed crimes of violence, but noted he had a "very extensive criminal history." It further noted that many of these crimes involved drugs and alcohol and concluded that Wright has a drug and alcohol problem. And, although Wright was afforded treatment multiple times in the past, he failed to take advantage of these opportunities and better himself. As such, the court determined that Wright's rehabilitative needs could not be satisfied in the community. Significantly, the court emphasized Wright's need to begin a life of recovery so that he could be a good father to his daughter. The court specifically recognized Wright's concern for his daughter and how important she was to him. However, taking everything into consideration, the trial court imposed a sentence of incarceration within the standard range. *Id.* at 19-25.

Based upon our review of the sentencing transcript, it is evident that the trial court thoughtfully weighed all the relevant factors in this case.[3] On appeal, "[w]e cannot re-weigh the sentencing factors and impose our judgment in place of the sentencing court." *Commonwealth v. Macias*, 968 A.2d 773, 778 (Pa. Super. 2009). We conclude that the trial court did not abuse its discretion in sentencing Wright.

---

[3] Wright's argument that the trial court should have reviewed the beginning of the body camera video does not change this conclusion. Because Wright was passed out during that portion of the video, it could not have offered any information relevant to his sentence. *See* N.T., 4/1/22, at 20-21.

For the foregoing reasons, we conclude that Wright's issue is wholly frivolous. Furthermore, as required by **Anders**, we have independently reviewed the record to determine whether there are any non-frivolous issues present in this case. Our review of the record disclosed no other non-frivolous issues that Watts could raise that counsel overlooked. **See Dempster**, **supra**.

Having concluded that there are no non-frivolous issues, we grant counsel's petition to withdraw, and affirm the judgment of sentence.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.

Judge King did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/19/2022